UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 22-cv-23759-BLOOM/Otazo-Reyes**

VICTOR ARIZA,

    Plaintiff,

v.

CASABLANCO MATTRESS & FURNITURE
GALLERY, LLC.,

    Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT FINAL JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiff Victor Ariza's Motion for Default Final Judgment, ECF No. [11] (the "Motion").

Plaintiff Victor Ariza ("Plaintiff") brought this action seeking declaratory and injunctive relief, attorney's fees, costs, and litigation expenses against Casablanco Mattress & Furniture Gallery, LLC ("Defendant") for violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181-12189 ("ADA"), as amended, and 28 C.F.R. Part 36, in connection with the operation of Defendant's associated website, https://casablancofurnituregallery.com. ECF No. [1]. Defendant was properly and timely served with the Complaint and Summons on November 28, 2022. ECF No. [7]. Defendant failed to serve any response or answer to the Complaint and a Clerk's Default was entered on December 30, 2022. ECF No. [9]. On January 11, 2023, the Plaintiff filed the instant Motion. ECF No. [11].

The Court has reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

## I. BACKGROUND

According to the Complaint, Plaintiff is and at all relevant times has been blind and suffers from optical nerve atrophy, a permanent eye disease and medical condition that substantially and significantly impairs his vision and limits his ability to see. ECF No. [1] ¶ 5. As a result, Plaintiff uses screen reader software, which aurally presents the visual content of a webpage to a user, to interact with various websites. *Id.* ¶¶ 6, 9.

Defendant is a Florida limited liability company that owns, operates, and controls a retail store selling mattresses and furniture under the name "Casablanco Mattress Furniture Gallery." *Id.* ¶ 10. The Casablanco Mattress Furniture Gallery store is open to the public. *Id.* Defendant also owns, controls, maintains, and operates an adjunct website, https://casablancofurnituregallery.com (the "Website"). *Id.* ¶ 12. One of the functions of the Website is to provide the public information on the Defendant's store's location. *Id.* Defendant also sells to the public its merchandise through the Website. *Id.* In addition, the Website allows the public to apply online for credit to make purchases of merchandise available in the physical store and allows users to arrange in-store pickups of merchandise purchased online. *Id.* The Website also provides information on available products, services, tips and advice, editorials, sales campaigns, events, and other information that Defendant is interested in communicating to its customers. *Id.* ¶ 13.

In October 2022, Plaintiff attempted to use the Website to browse through the merchandise and online offers, and to learn about the merchandise, services, sales, discounts, and promotions being offered, to check store hours, and to check merchandise pricing in order to make a purchase through the Website or in the physical store. *Id.* ¶ 20. However, Plaintiff was unable to successfully navigate the Website using screen reader software. *Id.* ¶ 21. The Website also lacks prompting information and accommodations necessary to allow visually disabled individuals who use screen

reader software to locate and accurately fill out online forms to purchase Defendant's merchandise from the Website. *Id.* ¶ 22. Plaintiff was unable to find an accessibility notice, statement, or policy on the Website that would direct him to a webpage with contact information for disabled individuals who have questions or concerns about, or who are having difficulties communicating with, the Website. *Id.* ¶ 23. The Website does not meet the Web Content Accessibility Guidelines ("WCAG") 2.0 Level AA or higher versions of web accessibility. *Id.* ¶ 36.

Defendant is, and at all relevant times has been, aware of the barriers which prevent individuals who are blind and visually disabled from accessing information on the Website. *Id.* ¶ 41. Defendant also is, and at all relevant times has been, aware of the need to provide full access to all visitors to the Website. *Id.* ¶ 42.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2). *DirecTV, Inc. v. Griffin*, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003).

The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment. *See Tyco Fire & Sec. LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (citing *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a court must ensure that there is a sufficient basis in the pleadings for the judgment to be entered. *Id.* A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations and bars the defendant from contesting those facts on appeal. *Id.*

When a Defendant has not appeared, "all of Plaintiff's well-pled allegations in the Complaint are deemed admitted." *Ordonez v. Icon Sky Holdings LLC*, No. 10-60156-CIV, 2011 WL 3843890, at *5 (S.D. Fla. Aug. 30, 2011) (citing *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987)).

### III.   DISCUSSION

#### A.  The ADA Claim

Title III of the ADA states that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). "Title III is meant to prevent owners of public places of accommodation from creating barriers that would restrict a disabled person's ability to enjoy the defendant entity's goods, services, and privileges." *Rendon v. Valleycrest Prods.*, 294 F.3d 1279, 1283 (11th Cir. 2002).

Upon review of Plaintiff's submissions, the Court finds a sufficient basis in the Complaint to enter default judgment in Plaintiff's favor. Plaintiff alleges that the Website is inaccessible to blind and visually disabled individuals such as Plaintiff who must use screen reader software to successfully navigate the website. *Id.* at ¶¶ 19-23, 25, 27-34, 36-38. As such, the Court finds Plaintiff's well-pled allegations sufficient to establish Defendant's liability.

"If the admitted facts in the Complaint establish liability, then the Court must determine appropriate damages." *Ordonez*, 2011 WL 3843890, at *5. "Where all the essential evidence is on record, an evidentiary hearing on damages is not required." *Id.* (citing *SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005)). Here, Plaintiff requests declaratory and injunctive relief only. The Court will grant that relief, as stated in the Conclusion of this Order.

### B. Attorney's fees

Plaintiff requests attorneys' fees in a total amount of $5,567.50, representing $2,2950.00 billed by attorney Roderick Hannah, ECF No. [11-3] at 2, and $3,272.50 billed by attorney Pelayo Duran, ECF No. [11-4] at 2.

Pursuant to 42 U.S.C. § 12205, "in any action . . . commenced pursuant to [the ADA], the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs[.]" Congress thus expressly conferred upon federal courts broad discretion in determining when an award of attorney's fees is appropriate. *See Tufaro v. Willie*, 756 F. Supp. 556, 560 (S.D. Fla. 1991) (citing *Hughes v. Rowe*, 449 U.S. 5, 14 (1980)).

In *Norman v. Housing Auth. of City of Montgomery*, the Eleventh Circuit provided the framework within which courts may analyze the reasonableness of an award of attorney's fees. 836 F.2d 1292, 1292 (11th Cir. 1988). First, a district court must determine the lodestar figure by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Id.* at 1299. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services, by lawyers of reasonable comparable skills, experience, and reputation." *Id*. The party who applies for attorney's fees bears the burden of submitting satisfactory evidence to establish both that the requested rate is in accord with the prevailing market rate and that the hours are reasonable. *Id.* at 1303.

After calculating the lodestar fee, the court may then proceed with an analysis of whether to adjust the amount upward or downward. In making this determination, the court may depend upon a number of factors, including the quality of the results, and representation in the litigation. *Id*. at 1302. "If the result was excellent, then the court should compensate for all hours reasonably

expended." *Id.* (quoting *Popham v. City of Kennesaw*, 820 F.2d 1570, 1580 (11th Cir. 1987)). But "[i]f the result was partial or limited success, then the lodestar must be reduced to an amount that is not excessive." *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983)). Further, a "reduction is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." *Hensley*, 461 U.S. at 435. As such, the focus should be "on the significance of overall results as a function of total reasonable hours." *Popham*, 820 F.2d at 1578.

The Court has carefully reviewed Plaintiff's requested attorneys' fees and accompanying exhibits. In determining the appropriate hourly rate for Plaintiff's attorneys, the Court considers the factors elucidated in *Norman*, case law, as well as its own knowledge and experience. Considering the above factors and Defendant's failure to object, the Court finds the requested rates are reasonable. *Hansen v. Deercreek Plaza, LLC*, 420 F. Supp. 2d 1346, 1350 (S.D. Fla. 2006) ("Satisfactory evidence may also include citations to prior precedents showing reasonable rate adjudications for the fee applicant, for comparable attorneys, or for comparable cases." (quotation marks omitted)). The hourly rates for the attorneys ($425) are not excessive. The Court further concludes that because Plaintiff achieved the full measure of success sought, the award of fees "will encompass all hours reasonably expended on the litigation[.]" *Hensley*, 461 U.S. at 435. Accordingly, the Court awards the attorneys the attorneys' fees requested.

### C. Taxable costs and expert fee

Plaintiff also seeks $496.40 in taxable costs, consisting of the case filing fee ($402.00), the cost for service of process of the Complaint ($58.40), and the costs for copies of papers that were necessarily obtained for use in this case ($36.00); ECF No. [11] at 22-23, and litigation expenses in the form of the fee for his expert Robert Moody, in the amount of $4,275.00, *id.* at 23. In support of his requests, Plaintiff attaches Mr. Moody's curriculum vitae and invoice for services, and

payment records associated with the other costs incurred. ECF Nos. [11-3], [11-5], [11-6], [11-7], [11-8]. Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). A prevailing party is "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001). "Such costs, however, may not exceed those permitted." *Mathews v. Crosby*, 480 F.3d 1265, 1277 (11th Cir. 2007).

Based upon a review of the materials submitted by Plaintiff, the Court finds that the requested costs and expert fees are reasonable and recoverable. *See Goodman v. Sperduti Enterps., Inc.*, No. 08-62096-CIV, 2009 WL 3200681, at *3 (S.D. Fla. Oct. 6, 2009) ("There is no question that Plaintiff is entitled to the cost of the filing fee because it falls into one of the categories of reimbursable costs under 28 U.S.C. § 1920[.]"); *EEOC v. W&O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000). Accordingly, Plaintiff is entitled to recover $4,771.40 in taxable costs and litigation expenses, including service of process fee ($58.40), filing fee ($402.00), expert fees ($4,275.00), and copy costs ($36.00).

IV. **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [11]**, is **GRANTED**.
2. The Court declares and finds that Defendant's website, https://casablancofurnituregallery.com, which acts as a point of sale for Defendant's merchandise that is also sold in and from Defendant's physical store, contains access barriers and is not fully and equally accessible to blind and visually disabled users such

as Plaintiff, in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA").

3. Defendant shall not, no later than six (6) months from the date of this Judgment, deny any individuals with disabilities, including the Plaintiff, the opportunity to access, participate in, and benefit from the goods, services, facilities, privileges, advantages, programs, activities, and accommodations provided through its website. The website must be accessible by individuals with disabilities who use computers, laptops, tablets, and smart phones.

4. Defendant shall not, no later than six (6) months from the date of this Judgment, provide individuals with disabilities, including Plaintiff, an unequal opportunity to access, participate in, and benefit from the goods, services, facilities, privileges, advantages, programs, activities, and accommodations provided through its website https://casablancofurnituregallery.com. The website must be accessible by individuals with disabilities who use computers, laptops, tablets, and smart phones.

5. No later than six (6) months from the date of this Judgment, Defendant shall adopt and implement a Web Accessibility Policy which ensures that its website conforms with the Web Content Accessibility Guidelines ("WCAG") 2.0, Level AA criteria.

6. No later than six (6) months from the date of this Judgment, Defendant shall require any third-party vendors who participate on its website to be fully accessible to the disabled by substantially conforming with WCAG 2.0, Level AA criteria.

7. No later than six (6) months from the date of this Judgment, Defendant shall make publicly available and directly link from the https://casablancofurnituregallery.com homepage, a statement of Defendant's Accessibility Policy to ensure that persons with

disabilities, such as Plaintiff, have full and equal access to and enjoyment of its website and shall accompany the public policy statement with an accessible means, such as a specifically dedicated and manned telephone number, of submitting accessibility questions and problems.

8. No later than six (6) months from the date of this Judgment, and at least once yearly thereafter, Defendant shall provide mandatory web accessibility training to all employees who write or develop programs or code for, or who publish final content to, the https://casablancofurnituregallery.com website on how to conform all web content and services with WCAG 2.0 Level AA criteria.

9. No later than six (6) months from the date of this Judgment, and at least once every three (3) months thereafter, Defendant shall conduct automated accessibility tests of its website to identify any instances where the website is no longer in conformance with WCAG 2.0 Level AA. Defendant will send a copy of the quarterly reports to Plaintiff's counsel for review.

10. If Plaintiff believes this Order has been violated, he shall give written notice (including reasonable particulars) to Defendant of such violation. Defendant shall have thirty (30) calendar days from receipt of the written notice to investigate and correct any alleged violations.

11. Plaintiff is entitled to an award of his reasonable attorney's fees, costs, and expert witness expenses under the ADA, 42 U.S.C. § 12205. Based upon a review of the materials submitted by Plaintiff in support of his Motion, the Court finds that the requested $425.00 hourly rate for Plaintiff's attorneys is reasonable, and that Plaintiff's claimed attorney's fees in the amount of $5,567.50 for 13.1 hours of attorney time,

Case No. 22-cv-23759-BLOOM/Otazo-Reyes

costs in the amount of $496.40, and expert fees in the amount of $4,275.00 are reasonable and recoverable. Plaintiff is thus entitled to an award of $10,338.90, for which let execution issue forthwith.

12. If Defendant fails to correct the violations, Plaintiff may then seek relief from the Court.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 17, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Casablanco Mattress & Furniture Gallery, LLC
c/o Jose M. Blanco III, registered agent
9195 SW 40th Street
Miami, FL 33165